THE STANLEY RULE & LEVEL COMPANY *vs.* LEONARD BAILEY.

The plaintiffs entered into a contract with the defendant, under which they were to have the exclusive right to manufacture and sell various articles under numerous patents owned by him, the right to continue during the life of the patents and any extension of them, and they to pay him a royalty on all the articles sold, the defendant agreeing to defend them against all parties claiming a right to use the patents. Certain of the patents expired and were not renewed by the defendant, but the plaintiffs not being aware of the fact, but believing them in force, went on paying the royalty upon articles made under them, the defendant receiving the money in the belief that he was entitled to it under the contract. In a suit to recover back the money so paid, it was held—

1.   That under the contract the defendant was not entitled to a continuance of the royalty until all the patents had expired, but only to receive it on the articles manufactured under the patents that had not expired.

2.   That if the money was paid in ignorance of the fact that the patents had expired, the plaintiffs were entitled to a repayment of it.

3.   That the fact that the plaintiffs had the means of informing themselves by enquiry of the defendant, was not sufficient to charge them with knowledge; it being a case where they might reasonably expect the defendant to inform them.

4.   That the payment after they had knowledge, of the royalty on articles manufactured under the unexpired patents, did not constitute a waiver of their right to demand back the money paid as royalty on articles manufactured under the patents that had expired.

ASSUMPSIT, to recover back money claimed to have been paid under a mistake of facts; brought to the Court of Common Pleas of Hartford County. The facts were found by a committee, and on the facts the court (*McManus, J.,*) rendered judgment for the plaintiffs. The defendant brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*G. G. Sill,* for the plaintiff in error.

*C. E. Mitchell,* for the defendants in error.

PARK, C. J.   We think the finding of the court below, that the money sought to be recovered in this suit was paid by the plaintiffs to the defendant through misapprehension of the facts with regard to their obligation to pay it, is decisive of the case. It is conceded that the plaintiffs are entitled to recover a part of the amount, and we think it is equally clear they ought to recover the whole. That part of it which is in dispute was paid to the defendant as a royalty for the privilege of manufacturing and selling certain articles, under certain patents, of which the defendant previous to this time was the owner. The money was paid according to the terms of a certain contract between the parties, wherein the defendant, for the consideration of a certain royalty to be paid on all the articles, covered by the patents, which should be manufactured and sold by the plaintiffs, granted them the privilege of manufacturing and selling them during the continuance of the patents and any extension of them. The plaintiffs manufactured and sold the articles, and paid the royalty according to the terms of the contract. In the meantime some of the defendant's patents expired and were not extended, but the plaintiffs being ignorant of the fact continued to pay the royalty as they had done before, and paid the sum which they now seek to recover on patents which had thus expired. The defendant knew that the patents had expired and had not been renewed at the time he received the money; but believing that he had the right to receive it under the contract, did not state the fact to the plaintiffs.

It further appears that the plaintiffs paid the money believing that the patents were in force, and that they would not have paid it had they known the facts. But it is said that they had the means of knowledge, and that this is equivalent to knowledge itself. There may be such full and complete means of knowledge as to be equivalent to knowledge itself, but we think this is not such a case. The defendant owned the patents. He was in the employ of the plaintiffs. The patents were on a large number of articles; and some of them were covered by two or more patents of different dates. The case was a complicated one, and required thorough examination to determine the exact fact. It would naturally be expected that the defendant would keep himself informed on the matter, and being in the employment of the plaintiffs would inform them when the patents expired. This would reasonably be expected by the plaintiffs where they had no reason to suspect dishonesty in the defendant; and we think they had a right to rely on what would ordinarily be expected under the circumstances.

It is further said that the defendant had a right to the royalty under the contract; that a true construction of it entitles him to the royalty on all the articles, so long as any of the patents are in force on any of the articles. This claim is manifestly erroneous. The right conveyed by the contract is an "exclusive right to make and vend" the articles, and it is "to continue during the life of the patents, or any extension of them." Besides which it is provided in the contract that the payment of the royalty shall be co-extensive only with the exclusive right conveyed; also that the defendant shall warrant and defend the exclusive right conveyed. When a patent expires the right to manufacture and sell the article patented ceases to be an exclusive right and becomes a general one. Now the defendant's royalty is confined to articles which the plaintiffs have an exclusive right to manufacture and sell. As that right by the expiration of one patent after another becomes general, so the royalty becomes reduced, and the obligation to warrant and defend is likewise reduced in the same proportion. These three provisions are co-extensive.

As well might the plaintiffs require the defendant to warrant and defend their exclusive right to manufacture and sell all the articles, when all the patents had expired but one, as that the defendant should require them to pay him his royalty on all the articles manufactured in the same circumstances. Clearly there is no foundation for this claim.

It is further claimed that, whatever might otherwise be the right of the plaintiffs to repayment, they have lost the right, inasmuch as they made a voluntary payment of the royalty on articles covered by the remaining patents, after they had become apprised of the fact that they had paid the royalty on patents which had expired. This claim is made upon the idea that the last payment made the first payment voluntary, although it was not so originally. But a payment is either voluntary or involuntary at the time it is made, and nothing can occur afterwards to alter its character in this respect. As well might it be claimed, if A sues B upon a note, and B has a claim against A for work done at his request, that unless B sets off his claim against A's demand he thereby acknowledges that he has no claim, and cannot afterwards recover it. This claim is clearly without foundation.

There is no error in the judgment complained of.

In this opinion the other judges concurred.